IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 5:20-CV-117 |
| 127.5432 ACRES OF LAND, MORE OR LESS, SITUATE IN WEBB COUNTY, STATE OF TEXAS; AND RICHARD HAYNES II, ET AL. | § § § § § § | |
| *Defendants.* | § § | |

**UNOPPOSED MOTION OF THE UNITED STATES OF AMERICA TO WITHDRAW THE MOTION FOR ORDER OF IMMEDIATE POSSESSION**

The United States moves to withdraw its Motion for Order of Immediate Possession (Dkt. No. 11) without prejudice. Additionally, the United States moves for the Court to set a Status Conference after March 22, 2021.

1. On September 17, 2020, the United States filed an Opposed Motion for Order of Immediate Possession (Dkt. No. 11).

2. On October 29, 2020, Defendant filed its opposition to the United States' motion for possession (Dkt. No. 19). On November 10, 2020, the United States filed a reply to the Defendant's opposition to the motion for possession (Dkt No. 20).

3. On January 20, 2021, President Joseph R. Biden, Jr. issued the Proclamation on the Termination of Emergency with Respect to the Southern Border of the United States and Redirection of Funds Diverted to Border Wall Construction (Proclamation No. 10142, 86 Fed. Reg. 7225 (Jan. 27, 2021)). The Proclamation directed the United States to "pause work on each

construction project on the southern border wall, to the extent permitted by law, as soon as possible but in no case later than seven days from the date of this proclamation." *Id*. Further, the Proclamation directed a plan to be developed no later than March 21, 2021 (60 days from the date of the Proclamation) for redirecting funding and repurposing contracts. *Id.*

    4. On January 22, 2021, the Court ordered the United States to supplement its Motion for Order of Immediate Possession by February 3, 2021 to provide:

> (1) a statement of whether the United States intends to pursue this lawsuit in general and the motion for order of immediate possession in particular, and (2) further proof of either additional bona fide negotiations with Defendants as to the acquisition of the right of entry or a statement that the parties remain unable to reach an agreement at a price satisfactory to the United States for the purchase of the right of entry it seeks in this case. The proof of bona fide negotiations must include a statement of the last offers made by each of the parties.

(Dkt. No. 22).

    5. In light of the Presidential Proclamation cited above, the United States requests the Court to withdraw its Motion for Order of Immediate Possession without prejudice in order for the plan to redirect funds and repurpose contracts to be developed as specified in the Presidential Proclamation.

    6. Additionally, the United States requests a status conference on a date after March 22, 2021, in order to update the Court on whether the United States intends to pursue this lawsuit and/or a new Motion for Order of Immediate Possession.

7. The United States has not engaged in further negotiations with the Landowner since July 2020 as negotiations had reached an impasse. In so far as it is still relevant, the United States position is unchanged, in that the United States maintains that is has fully complied with the requirements under 8 U.S.C. § 1103(b). The United States deposited the nominal amount of $100 which is the same amount it has filed in other cases in which it has sought a right of entry.[1] *United States v.* 127.5432 *Acres of Land, More or Less, Situate in Webb County, State of Texas*, and Ricard Haynes II, ET Al. (S.D. Tex. 2008) ("The negotiation condition may also be satisfied where the owner is willing to sell only at a price which the condemning party deems excessive. If it becomes apparent that no agreement can be made at a price satisfactory to the condemning party, the condemner need not make any further effort to reach an agreement.") (internal citations omitted). *See also*, *Constitution Pipeline Co., LLC v. A Permanent Easement for 0.25 Acres*, 2015 WL 12564217, *2 (NDNY Feb. 24, 2015) (stating, in a discussion of good faith negotiations pursuant to the Natural Gas Act, 15 U.S.C. § 717f, that "[d]efendant's disagreement with plaintiff's valuation and his reservations about the pipeline itself do not militate against a finding of good faith, nor does plaintiff's alleged statement that if defendant did not accept plaintiff's offer, plaintiff would exercise its right of eminent domain.").

## Conclusion

The United States prays that this Court grant its Motion to Withdraw the Motion for Order of Immediate Possession (Dkt. No. 11) without prejudice to refile the same. Additionally, the United States prays that this Court grant a status conference on a date after March 22, 2021.

---

[1] Dkt. No. 6.

## Certificate of Conference

I certify that on January 28, 2021, Assistant United States Attorney P. Conner Kirtley contacted Attorney Ricardo de Anda, who stated he did not oppose this Motion.

Respectfully submitted,

By: s/ Chanmealea Thou
**CHANMEALEA THOU**
Assistant United States Attorney
Southern District of Texas No. 3596627
California Bar No. 326469
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
Telephone: (956) 721-4977
Facsimile: (956) 992-9425
E-mail: Chanmealea.Thou2@usdoj.gov
Attorney-in-Charge

And

By: /P. Conner Kirtley
**P. CONNER KIRTLEY**
Assistant United States Attorney
Southern District of Texas No. 3563689
Oklahoma Bar No. 32440
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
Telephone: (956) 723-6523
E-mail: Philip.Kirtley@usdoj.gov
Attorney for the United States of America

## CERTIFICATE OF SERVICE

I, Chanmealea Thou, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on February 2, 2021, I served the foregoing using the Court's ECF notification system on all parties in this case.

By: <b><u>s/ Chanmealea Thou</u></b><br>
**CHANMEALEA THOU**<br>
Assistant United States Attorney